# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. ) <br> JOHN D. DOAK, Insurance Commissioner, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ENRICO A. CIFELLI, ET AL., ) <br> ) <br> Defendants. ) | NO. CIV-15-0539-HE |

## ORDER

Plaintiff is the Receiver for Red Rock Insurance Company ("Red Rock"). He has filed a third amended complaint (the "complaint") naming as defendants Enrico A. Cifelli, an individual, and Cifelli, LLC. The complaint asserts claims for breach of contract and fraud in the inducement against Mr. Cifelli. The complaint also asserts claims for unjust enrichment, civil conspiracy and constructive fraud against both defendants. Mr. Cifelli's answer asserts a crossclaim against Cifelli, LLC for indemnity and contribution.

Cifelli, LLC has moved to dismiss all claims against it based on lack of personal jurisdiction. The burden to establish personal jurisdiction rests on plaintiff. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069 (10th Cir. 2008). Where, as here, the court elects to resolve the issue based on the pleadings and attached materials, the well-pled facts alleged in the complaint are taken as true and factual disputes are

resolved in plaintiff's favor. Id. at 1070. At this stage, plaintiff is required to make only a *prima facie* showing of personal jurisdiction. Id.

According to the complaint, Mr. Cifelli borrowed $1,560,000 from Red Rock in December of 2013. He executed a promissory note for that amount and directed that the loan proceeds be wired to an account owned by Cifelli, LLC. However, it appears that Mr. Cifelli was not a member or manager of Cifelli, LLC. Rather, the owner and managing member of Cifelli, LLC is Mr. Cifelli's sister, Michelle Bocchieri. The transaction appears to have been designed, at least in part, to benefit the LLC.

While Mr. Cifelli testified that the debt obligation was his alone, he also indicates that when notifications were received as to payments due on the loan, he forwarded those notices to his sister. Plaintiff's submissions indicate that on three occasions, Cifelli, LLC, either directly or through other entities at its direction, forwarded substantial payments to Red Rock in Oklahoma in order to secure extensions of the loan maturity date. Also, when Red Rock requested an accounts receivable report to justify another extension in June 2014, Mr. Cifelli relayed the request to his sister, who produced the report and returned it to Mr. Cifelli, with the obvious expectation it would be forwarded by him to Red Rock in Oklahoma. Eventually, Red Rock refused to extend the maturity date further, the note went into default, and this suit by Red Rock's receiver resulted.

Cifelli, LLC now claims that it is not subject to personal jurisdiction in Oklahoma because it is a New Jersey LLC, its sole member is a resident of New Jersey and the company has no contacts with Oklahoma. A federal court's authority to assert personal jurisdiction over a defendant is ordinarily tied to the jurisdictional reach of "a court of

2

general jurisdiction in the state where the district court is located." Fed. R. Civ. Proc. 4(k)(1)(A); Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). Oklahoma's jurisdictional reach is coextensive with the Due Process Clause of the U.S. Constitution. Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011). Thus, a defendant is subject to personal jurisdiction in Oklahoma if it has "minimum contacts" with Oklahoma such that being haled into court here "would not offend traditional notions of fair play and substantial justice." Id. (internal quotation marks and citation omitted). As relevant here, minimum contacts may be sufficient to establish specific personal jurisdiction if they show that the defendant "purposefully directed" its activities at the forum state and that the plaintiff's injuries "arise out of" those contacts. Id.

As Cifelli, LLC argues, there is no indication it was directly involved in procuring the loan from Red Rock or that Mr. Cifelli was explicitly acting on behalf of the company. However, plaintiff's submissions establish that Cifelli, LLC was a principal beneficiary of the loan transaction and that it took a number of actions as to the loan which were purposefully directed toward Red Rock in Oklahoma. The wiring of money to a company in Oklahoma and the production of the accounts receivable report, knowing it would be transmitted to Red Rock in Oklahoma, constitute acts intended to influence Red Rock's actions in Oklahoma. The claims asserted here arise out of those contacts and circumstances.

Further, the allegations of civil conspiracy are, in the circumstances of this case, sufficient to attribute the actions of Mr. Cifelli to Cifelli, LLC for purposes of the jurisdictional analysis. The nature of Mr. Cifelli's actions, the timing of them, and the

family and other relationships involved plausibly support the existence of a civil conspiracy claim such that his actions may be attributed to the LLC. See Dodson Int'l Parts, Inc. v. Altendorf, 181 F. Supp. 2d 1248, 1253–56 (D. Kan. 2001) (citing American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V., 710 F.2d 1449, 1454 (10th Cir. 1983) and Nat'l Union Fire Ins. Co. of Pittsburgh v. Kozeny, 19 F. App'x 815 (10th Cir. 2001)).

Plaintiff's submissions are sufficient to make the necessary showing of minimum contacts between Cifelli, LLC and Oklahoma.

Once a plaintiff has satisfied the burden of showing the necessary minimum contacts, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. Newsome v. Gallacher, 722 F.3d 1257, 1271 (10th Cir. 2013). The defendant must present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). In making that determination, courts ordinarily consider the following factors:

> (1) the burden on defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

AST Sports Science, Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1061 (10th Cir. 2008).

Cifelli LLC's arguments as to "fair play and substantial justice" are decidedly less than compelling. Its argument that it is a small company which would be unduly burdened by litigating here is inconsistent with the size of the financial transactions at

issue in the case. No doubt there is some burden to any out of state entity litigating in Oklahoma, but no persuasive basis has been shown for concluding it would make the exercise of jurisdiction here unreasonable.

Oklahoma has some interest in resolving any dispute involving one of its citizens, but that interest is particularly strong where the dispute involves an insurer formed under Oklahoma law, subject to state regulation, and now in a state receivership proceeding.

Given the apparent relationship between the defendants and the fact that claims against Mr. Cifelli will proceed here, it appears resolving the claims against the LLC at the same time would be relatively convenient as to plaintiff. The judicial system's interest in the most efficient resolution of the controversy is also served by resolving the claims against both Mr. Cifelli and the LLC in the same proceeding.

In sum, Cifelli, LLC has not carried its burden to show that the exercise of jurisdiction over it in this proceeding would be unreasonable.

Plaintiff has made the necessary prima facie showing of a basis for the exercise of specific personal jurisdiction over defendant Cifelli, LLC. Cifelli, LLC's motion to dismiss [Doc. #91] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of January, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE